

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP 30 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil No.: 3:16cv766 HTW -LRA |
| ) | |
| v. ) | |
| ) | |
| CITY OF JACKSON, MISSISSIPPI ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

The United States of America alleges as follows:

### INTRODUCTION

1.      The United States brings this action for declaratory and injunctive relief, and monetary damages and a civil penalty, against the City of Jackson, Mississippi (the "City"), under the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("FHA"), 42 U.S.C. §§ 3601 *et seq.*, and Title II of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12131–12134, and Title II's implementing regulation, 28 C.F.R. Part 35. The City has discriminated on the basis of disability by prohibiting persons recovering from alcohol or substance abuse, who are persons with disabilities under the FHA and ADA, from living in group housing in most residential zones. The City enforced these restrictions on a group home for persons with disabilities, which resulted in an order requiring the operator to close the home and relocate the residents. A number of other group homes for persons in recovery are potentially affected by the City's implementation of its ordinances. As such, the City has engaged in a pattern or practice of discrimination because of disability and a denial of rights to a

1

group of persons, in violation of the FHA and the ADA.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action and may grant the relief sought herein

pursuant to 28 U.S.C. §§ 1331 and 1345; 42 U.S.C. § 3614(a), (b); 42 U.S.C. §§ 12132 and

12133; and 28 U.S.C. §§ 2201 and 2202.

3.      Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving

rise to the claims alleged herein occurred in the Southern District of Mississippi and because the

Defendant is located there.

**DEFENDANT**

4.      Defendant City of Jackson is a unit of government organized under the laws of the

State of Mississippi, and is a "public entity" within the meaning of the ADA, 42 U.S.C.

§ 12131(1), 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C.

§§ 12131–12134, and its implementing regulation, 28 C.F.R. Part 35.

5.      The City is governed by a mayor and a seven-member City Council. The mayor

does not vote on the City Council.

6.      Land use in the City is governed by the Official Zoning Ordinance of the City of

Jackson, Mississippi ("Zoning Ordinance"), adopted on May 29, 1974, and last amended on

April 21, 2014.

7.      The City's Zoning Administrator is responsible for the administration and

enforcement of the Zoning Ordinance. The Zoning Administrator's duties include, but are not

limited to, administrative interpretation of the Zoning Ordinance, reporting violations of the

Zoning Ordinance, notifying property owners of zoning violations and ordering the actions

necessary to correct the violations, and advising the City Council on zoning and zoning-related

2

matters.

8.      Failure to comply with the City's Zoning Ordinance constitutes a misdemeanor and may result in a fine of not more than one hundred dollars ($100.00). The City may prosecute violations of the Zoning Ordinance in Environmental Court, which is part of the City's Municipal Court system.

**FACTUAL ALLEGATIONS**

**The City's Zoning Ordinance**

9.      The City's Zoning Ordinance states that a "Group Home for the Handicapped" (hereinafter "group home") of six or fewer residents is permitted as-of-right in all single-family and multi-family residential zones, including R-1 and R-1A Single-Family Residential Districts. The definition of Group Home states that "any person currently using, or in any program of recovery from, the use of or addiction to alcohol or a controlled substance" may not reside in a group home. Zoning Ordinance § 202.67.

10.     The Zoning Ordinance § 501 states that group homes and personal care facilities, as defined in the Zoning Ordinance, must not be located within 1,000 feet "of any other such use that is legally operating."

11.     The City classifies a dwelling occupied by persons in recovery from alcohol or substance abuse either as a rooming house, boarding house, or half-way house, as defined by the Zoning Ordinance. A rooming house, boarding house, or half-way house with up to twelve residents is permitted as-of-right only in zone R-5 (Multi-Family Residential District) and via Use Permit only in zone R-4 (Limited Multi-Family Residential District).

12.     The Zoning Ordinance states that "no boarding house, residential care facility, half-way house, hospice, shelter, SRO, or rooming house shall be located within one thousand

3

(1,000) feet of any other such use. . . ." §§ 602.08.3, 602.09.1.

13.     The Zoning Ordinance does not specify any procedures for requesting a reasonable accommodation. Upon information and belief, the City allows a person to request a reasonable accommodation to provisions of the Zoning Ordinance by requesting a variance. The Zoning Ordinance § 202.176 states, "a variance is authorized only for height, area and size of structure or size of yards, separation of uses, open spaces, and off-street parking spaces; establishment or expansion of a use not permitted shall not be allowed by variance."

**Application of the Zoning Ordinance to 645 Benning Road**

14.     Urban Rehab, Inc. is a nonprofit organization that provides services, including group housing, to persons with mental illness and/or substance abuse disorders. Urban Rehab currently operates seven homes in the City of Jackson, with capacity ranging from three to five residents. Each resident agrees to refrain from alcohol or drug use and to submit to random drug testing. If a resident does not comply, the resident is subject to immediate eviction. Each home has a resident house manager.

15.     645 Benning Road is a five-bedroom single-family home located in an R-1A single-family residential zone in the City of Jackson. The property is owned by MAP, LLC and leased by Urban Rehab. The home is occupied by up to five residents with mental health and/or substance abuse disorders.

16.     645 Benning Road is a "dwelling" within the meaning of 42 U.S.C. § 3602(b). The residents are persons with disabilities within the meaning of 42 U.S.C. § 3602(h)[1] and "qualified individuals with disabilities" within the meaning of 42 U.S.C. §§ 12102 and 12131(2)

---

[1] Throughout this Complaint, the United States uses the term "disability" instead of "handicap." For purposes of the Act, the terms have the same meaning. *See Helen L. v. DiDario*, 46 F.3d 325, 330 n.8 (3d Cir. 1995) ("The change in nomenclature from 'handicap' to 'disability' reflects Congress' awareness that individuals with disabilities find the term 'handicapped' objectionable.").

and 28 C.F.R. § 35.104.

17.     On or about April 3, 2013, the City Zoning Inspector visited 645 Benning Road

and left a door hanger stating, "It's a zoning violation to operate a rooming house from this

location." On or about April 5, 2013, City Zoning Administrator Ester Ainsworth sent a letter to

the prior owner of the property, which was then forwarded to Philip Massey, Executive Director

of Urban Rehab and member of MAP, LLC. The letter stated that the property reportedly was

"possibly being used as a boarding or rooming house," which is not a permitted use in an R-1A

zone. The letter stated that a failure to correct the violation within fifteen days may result in a

citation summons to appear in Environmental Court, and conviction may result in fines of up to

$100.00 per day plus costs and expenses.

18.     On or about April 8, 2013, Mr. Massey contacted Ms. Ainsworth. Mr. Massey

explained that the residents of 645 Benning Road were persons with mental illness and/or in

recovery from substance abuse disorders. Ms. Ainsworth told Mr. Massey that a group home in a

residential zone could not have residents with substance abuse diagnoses, and Mr. Massey would

have to move those residents out to correct the violation of the zoning ordinance and provide a

letter confirming that none of the residents had a substance abuse diagnosis. Mr. Massey told Ms.

Ainsworth that most of the residents had co-occurring diagnoses of both mental health and

substance abuse disorders, and the home should be classified as a group home under the Zoning

Ordinance.

19.     On or about October 17, 2013, the City issued a citation summons to Mr. Massey

to appear in environmental court for "operating a boarding/rooming house without proper

authorization" at 645 Benning Road. A hearing was held on March 11, 2014. Mr. Massey

explained to the magistrate judge that the residents of 645 Benning Road were persons with

disabilities and attempted to provide some medical records of current residents as proof of disability. The magistrate judge declined to receive the records.

20.     On or about June 10, 2014, the magistrate judge found Mr. Massey guilty of violating the zoning ordinance. On or about July 9, 2014, the City filed a Motion for Order of Cease and Desist. A hearing on the motion was held on or about August 12, 2014. At the hearing, the magistrate judge fined Mr. Massey $250 and gave him 90 days to cease operating at 645 Benning Road.

21.     On November 3, 2014, the U.S. Department of Justice ("DOJ") sent a letter to the City Attorney notifying the City that, based on the City's actions relating to 645 Benning Road, it was opening an investigation of the City's land use and zoning practices under the FHA and ADA. On November 7, 2014, the City requested, and the magistrate judge granted, a stay of the Cease and Desist order. The stay is currently in effect.

22.     On or about October 23, 2014, Mr. Massey timely filed a discrimination complaint with the U.S. Department of Housing and Urban Development ("HUD"), pursuant to 42 U.S.C. § 3610(a). Pursuant to 42 U.S.C. § 3610(e)(2), HUD referred this complaint to DOJ on November 19, 2015.

**Additional Homes Affected by the City's Zoning Ordinance**

23.     Urban Rehab operates six homes in the City of Jackson in addition to 645 Benning Road. Each is occupied by persons with mental illness and/or substance abuse disorders. Each is located in an R-1 or R-1A single-family residential zone. Each has five or fewer residents. Two are located within 1,000 feet of each other.

24.     Upon information and belief, there are additional homes located in single-family residential zones in the City of Jackson that are occupied by persons with substance abuse

disorders, including five homes affiliated with Oxford House, Inc.

**Prior Litigation**

25.    On June 6, 1996, the United States filed a complaint against the City of Jackson in the United States District Court for the Southern District of Mississippi (*United States v. City of Jackson*, No. 3:96-cv-419WS) alleging that the City had violated the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(b), by refusing to grant a reasonable accommodation to Clementine Michael to allow her to operate a personal care facility, as defined by the City's Zoning Ordinance, of up to ten residents with disabilities in an R-1 residential zone. On October 14, 1997, the district court granted partial summary judgment to the United States on the claim that the City had violated the Fair Housing Act by refusing to grant a reasonable accommodation.

26.    On December 18, 1997, the district court entered a Consent Decree that, among other things, enjoined the City from discriminating on the basis of disability in violation of the Fair Housing Act.

27.    On January 16, 2001, the United States filed a motion for contempt against the City for violating the Consent Decree by refusing to grant a reasonable accommodation to Christians in Action to allow it to operate a home for up to twelve children with disabilities in an R-1 residential zone. On October 23, 2002, the district court granted the United States' motion for civil contempt and summary judgment and awarded damages on behalf of Christians in Action. *United States v. City of Jackson*, 318 F. Supp. 2d 395 (S.D. Miss. 2002), *aff'd*, 359 F.3d 727 (5th Cir. 2004).

## CLAIMS FOR RELIEF

### Count I: Violations of the Fair Housing Act

28.    The allegations listed above are incorporated herein by reference.

29.    Defendant City of Jackson's actions described above constitute:

7

a.      discrimination in the sale or rental, or otherwise making unavailable or denying, a dwelling because of disability, in violation of the FHA, 42 U.S.C. § 3604(f)(1);

b.      discrimination in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability, in violation of the FHA, 42 U.S.C. § 3604(f)(2);

c.      a refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person an equal opportunity to use and enjoy a dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(3)(B);

30.      Defendant City of Jackson acted intentionally, willfully, and in disregard for the rights of others.

31.      Defendant City of Jackson's actions described above constitute a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, or a denial of rights protected by the Fair Housing Act to a group of persons, which denial raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

32.      Defendant City of Jackson's actions described above constitute a discriminatory housing practice, in violation of 42 U.S.C. § 3614(b)(1), which was referred to the Attorney General by the Secretary of HUD.

33.      Former, current, and prospective residents of the homes run by Urban Rehab, Inc., including 645 Benning Road, and other persons and/or agencies who may have been the victims of Defendant City of Jackson's discriminatory conduct are "aggrieved persons" within the meaning of 42 U.S.C. §§ 3602(i) and 3614(d)(1)(B).

## Count II: Violations of the Americans with Disabilities Act

34.     The allegations listed above are incorporated herein by reference.

35.     The U.S. Department of Justice is the federal agency responsible for administering and enforcing Title II of the ADA, 42 U.S.C. §§ 12131–12134, and its implementing regulation, 28 C.F.R. Part 35, and is authorized to bring this action under 42 U.S.C. § 12133. The United States seeks declaratory and injunctive relief and compensatory damages for aggrieved persons against the City.

36.     The United States has attempted informal resolution of this matter and has exercised good faith concerted efforts to seek the City of Jackson's voluntary compliance with the ADA, without success. All conditions precedent to the filing of this Complaint have occurred or been performed.

37.     Defendant City of Jackson's actions described above:

        a.     constitute discrimination in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. Part 35;

        b.     exclude individuals with disabilities from participation in and deny them the benefits of the services, programs, or activities of a public entity on the basis of disability, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(a);

        c.     afford qualified individuals with disabilities an opportunity to participate in or benefit from the services of a public entity that are not equal to those afforded others, in violation of Title II of the ADA, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(1)(ii);

d.     otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(b)(1)(vii);

e.     fail to make reasonable modifications in policies, practices, or procedures necessary to avoid discrimination on the basis of disability, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(b)(7);

f.     utilize methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(b)(3); and

g.     exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(g).

38.     Defendant City of Jackson acted intentionally, willfully, and in disregard for the rights of others.

39.     As a result of the City's conduct, qualified individuals with disabilities have suffered damages and injuries.

WHEREFORE, the United States prays that the Court enter an ORDER:

a.     Declaring that the Defendant's actions violate the Fair Housing Act and the Americans with Disabilities Act and its implementing regulations;

b.      Enjoining the Defendant, its officers, employees, agents, successors and all other persons in active concert or participation with it, from enforcing the City's Zoning Ordinance in a manner that discriminates against persons with disabilities;

c.      Ordering the Defendant to take all affirmative steps to ensure its compliance with the Fair Housing Act and Americans with Disabilities Act, including steps necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate to the extent practicable the effects of its unlawful practices as described herein;

d.      Ordering the Defendant to take all affirmative steps to restore, as nearly as practicable, the victims of the Defendant's unlawful practices to the position they would have been in but for the Defendant's discriminatory conduct;

e.      Awarding monetary damages, pursuant to the FHA, 42 U.S.C. § 3614(d)(1)(B), and the ADA, 42 U.S.C. §§ 12131–12134, and its implementing regulation, 28 C.F.R. Part 35, to all aggrieved persons; and

f.      Assessing a civil penalty against the Defendant in an amount authorized by 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.

11

The United States further prays for such additional relief as the interests of justice may require.

Dated _09/30/16_.

Respectfully submitted,

LORETTA E. LYNCH
Attorney General

_[signature]_
VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

GREGORY K. DAVIS
United States Attorney
Southern District of Mississippi

_[signature]_
MITZI DEASE PAIGE
Assistant United States Attorney
501 East Court Street
Suite 4-430
Jackson, MS 39201
Tel: (601) 973-2840
E-mail: Mitzi.Paige@usdoj.gov

MS Bar No. 6014

_[signature]_
SAMEENA SHINA MAJEED
Chief

_[signature]_
MICHAEL S. MAURER
Deputy Chief
ANDREA K. STEINACKER, WA Bar No. 35688
Special Litigation Counsel
ANNA PURINTON
Trial Attorney
United States Department of Justice
Housing and Civil Enforcement Section
Civil Rights Division
950 Pennsylvania Ave. NW – G St.
Washington, DC 20530
Tel: (202) 305-1857, (202) 305-0744
Fax: (202) 514-1116
E-mail: Anna.Purinton@usdoj.gov
    Andrea.Steinacker@usdoj.gov

12