# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**THE UNITED STATES OF AMERICA et al**                    **PLAINTIFF**

**VS.**                   **CIVIL ACTION NO.: 3:16-cv-00766-HTW-LRA**

**CITY OF JACKSON, MISSISSIPPI**                   **DEFENDANTS**

---

## CITY OF JACKSON, MISSISSIPPI'S
## ANSWER AND AFFIRMATIVE DEFENSES

---

COMES NOW, Defendant, City of Jackson, Mississippi (hereinafter referred to as "City of Jackson") pursuant to the Federal Rules of Civil Procedure and other applicable authority, and files its Answer and Affirmative Defenses to the Complaint filed against it in the above-styled cause and states as follows:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted[1] and therefore should be dismissed with prejudice.[2]

---

[1] A plaintiff's obligation to properly plead and provide grounds for entitlement to relief prevents District Courts from carrying the onerous burden of "straining to find inferences favorable to the plaintiff." **Southland Securities Corp. v. Inspire Ins. Solutions, Inc.**, 365 F. 3d 353, 361 (5th Cir. 2004) *quoting* **Westfall v. Miller**, 77 F. 3d 868, 870 (5th Cir. 1996). "Nor do we accept conclusory allegations, unwarranted deductions, or legal conclusions." **Id**. *citing* **Nathenson v. Zonagen Inc.**, 267 F. 3d 400, 406 (5th Cir. 2001).

[2] Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 127 S. Ct. 1955, 1965, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." **Id**. at 1965.

## Second Affirmative Defense

The Plaintiff failed to comply with any and all statutory, administrative and procedural pre-requisites before filing suit.

## Third Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and should therefore be dismissed with prejudice with all costs assessed against the Plaintiff.

## Fourth Affirmative Defense

The Plaintiff's Complaint is barred by the doctrines of laches, res judicata, collateral estoppel, and unclean hands and therefore, should be dismissed with prejudice.

## Fifth Affirmative Defense

The City actions with the Plaintiff, if any, were conducted in good faith.

## Sixth Affirmative Defense

The Plaintiff's claims for punitive damages, if any, are barred by Miss. Code Ann. § 11-46-15(2).

## Seventh Affirmative Defense

The City affirmatively asserts and invokes all substantive and procedural defenses available to it for which a good faith legal and/or factual basis exists or may in their favor pursuant to Miss. Code Ann. § 11-46-1 *et seq*. (the Mississippi Tort Claims Act, hereinafter "MTCA"), specifically including, but not limited to, Miss. Code Ann. § 11-46-5; § 11-46-7;

§ 11-46-9; § 11-46-11; § 11-46-13; § 11-46-15 and § 11-46-17 as to all Plaintiff's claims, state and federal, if any. To the extent Plaintiff's Complaint, or any subsequently filed pleading may seek a trial by jury on state law claims against the City, then the City specifically moves this Court to strike any such jury demand on the basis that same is prohibited by the aforementioned statutes.

**Eighth Affirmative Defense**

The Plaintiff's claims are barred, in whole or in part, by the principles of waiver and/or estoppel and therefore, should be dismissed with prejudice with all costs assessed against the Plaintiff.

**Ninth Affirmative Defense**

At all times material to the Complaint, the City acted reasonably and in accordance with the law and did not breach any duty which may have been owed to Plaintiff, whether contractual, common law, state or federal statutory law.

**Tenth Affirmative Defense**

The City reserves all statutory and/or indemnity rights it may have against all others whether parties to this action or not.

**Eleventh Affirmative Defense**

The City denies that any of its actions and/or omissions caused the Plaintiff harm or special harm.

### Twelfth Affirmative Defense

The City denies each and every allegation in which the Plaintiff seeks to impose liability upon them, whether expressly denied herein or not.

### Thirteenth Affirmative Defense

The Plaintiff's claims against the Defendants are prohibited by prevailing Federal and State Law and all other applicable defenses thereto as is alleged to have arisen out of the acts, practices, policies or procedures of a government entity.

### Fourteenth Affirmative Defense

The City has no customs, practices, or policies that caused or contributed to the alleged deprivations, injuries and/or damages, if any, suffered by the Plaintiff.

### Fifteenth Affirmative Defense

The City affirmatively denies that the Plaintiff sustained any damages as alleged in the Plaintiff's Complaint.

### Sixteenth Affirmative Defense

Any damages sustained by the Plaintiff were solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons, entities or events with respect to which the Defendants had neither control, right to control, duty to control or any other legal relationship whatsoever.

### Seventeenth Affirmative Defense

The Plaintiff had a duty to use reasonable care to mitigate damages, if any. Any injury, damage, or deprivation alleged or suffered by the Plaintiff was the result of the Plaintiff's failure to act reasonably to avoid or mitigate such injury, damage or deprivation.

**Eighteenth Affirmative Defense**

The Plaintiff failed to state a prima facie case under 42 U.S.C. § 2000(e) et. seq. However, even assuming that the Plaintiff has stated a prima facie case, all conduct and actions on the part of the City concerning the Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons.

**Nineteenth Affirmative Defense**

The City hereby asserts the defenses of sovereign immunity, qualified immunity and any other immunity available under federal or state law.

**Twentieth Affirmative Defense**

The City invokes and asserts all privileges and immunities afforded to it under both the federal and state constitutions and statutory and common law.

**Twenty-first Affirmative Defense**

At all times material to the Complaint, the City used the degree of care required of them under law and is not liable in damages, if any, to the Plaintiff.

**Twenty-Second Affirmative Defense**

The Plaintiff has failed to establish a causal connection between her exercise of statutory rights and any adverse employment action.

**Twenty-Third Affirmative Defense**

The City affirmatively aver that the Plaintiff is not entitled to an award of compensatory damages, pre-judgment and post-judgment interest, attorneys' fees, costs of suit and for such other and further relief.

**Twenty-Fourth Affirmative Defense**

The Plaintiff failed to exhaust all available administrative and/or other judicial remedies before filing the instant action.

**Twenty-Fifth Affirmative Defense**

The Plaintiff's claims for intentional torts, if any, are barred by the applicable one-year statute of limitations.

**Twenty-Sixth Affirmative Defense**

The Plaintiff's summons in this matter is deficient as to jurisdiction and fails to comply with procedural rules of Court.

**Twenty-Seventh Affirmative Defense**

The Plaintiff failed to comply with any and all statutory, administrative and procedural prerequisites before filing suit.

**Twenty-Eighth Affirmative Defense**

The City asserts all other affirmative defenses to which it may be entitled, including contributory negligence, estoppel, fraud, illegality, res judicata, collateral estoppel, statute of frauds and waiver.

**Twenty-Ninth Affirmative Defense**

The actions or inactions on the part of the Plaintiff was the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiff, if any. Alternatively, the actions or inactions on the part of the Plaintiff amounted to an intervening cause and as such, constitute the sole, proximate cause of the incident complained of and the damages sustained by Plaintiff, if any.

**Thirtieth Affirmative Defense**

If the actions or inactions on the part of the Plaintiff was not the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiff, if any, the actions or inactions on the part of the Plaintiff caused and contributed to the incident of and the damages sustained by the Plaintiff, if any, and any damages which the Plaintiff would otherwise be entitled, must be reduced in degree and to the proportion that the action or inaction of the Plaintiff caused or contributed to the incident.

**Thirty-First Affirmative Defense**

The Plaintiff's claims against the City are prohibited because the claim upon which such is based arises out of the exercise or performance of a discretionary function or duty and as such, the City is immune from liability.

### Thirty-Second Affirmative Defense

The alleged acts or omissions alleged by the Plaintiff against the City as may be set forth in the Complaint herein, do not rise to the level of a constitutional violation.

### Thirty-Third Affirmative Defense

Without waiving any other affirmative defense, the City affirmatively pleads and allege that they are not responsible for the intentional acts, if any, by agents, representatives or employees of the City or any other Defendant toward the Plaintiff and that any alleged intentional acts of any agent, representative or employee of the City and/or any other Defendant, if any, were not reasonably foreseeable by the City.

### Thirty-Fourth Affirmative Defense

The City asserts any and all other defenses available to them under Miss. Code Ann. §85-5-7 and §11-1-65.

### Thirty-Fifth Affirmative Defense

The City hereby reserves the right to assert additional defenses which may become available or apparent upon further investigation and discovery into the matters alleged in this civil action and reserves the right to amend their answers to assert any such defenses.

### Thirty-Sixth Affirmative Defense

The City has not breached any duty owed to the Plaintiff, whether contractual, common law, state or federal statutory law.

### Thirty-Seventh Affirmative Defense

The City asserts all rights of credit, set off and/or contribution that it may have pursuant to the laws of the State of Mississippi.

### Thirty-Eighth Affirmative Defense

The Plaintiff's Complaint is barred by the doctrine of laches and should be dismissed with prejudice.

### Thirty-Ninth Affirmative Defense

Without waiving any other affirmative defense, the City affirmatively pleads and allege that they are not responsible for the intentional acts, if any, by any agents, representatives or employees of the City or any other Defendant toward the Plaintiff and that any alleged intentional acts of any agent, representative or employee of the City and/or any other Defendant, if any, were not reasonably foreseeable by the City.

### Fortieth Affirmative Defense

An award of compensatory damages, pre-judgement and post-judgment interest, attorneys' fees, costs of suit and for such other an further relief against the City are not warranted in this case.

### Forty-First Affirmative Defense

The Plaintiff failed to mitigate their damages.

And now, without waiver of any other defense contained herein, the City of Jackson responds to the allegations of the Complaint, paragraph by paragraph, as follows:

## INTRODUCTION

1. The City of Jackson deny all allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Without waiver of any of its defenses herein, and upon information and belief, the City of Jackson admit that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345; 42 U.S.C. § 3614 (a), (b); 42 U.S.C. §§ 12132 and 12133; and 28 U.S.C. §§ 2201 and 2202 as alleged in Paragraph 2 of the Complaint. However, the City of Jackson deny that Plaintiff is entitled to any relief whatsoever.

3. Without waiver of any of its defenses herein, and upon information and belief, the City of Jackson admit the allegations contained in Paragraph 3 of the Complaint.

## DEFENDANT

4. Without waiver of any of its defenses herein, the City of Jackson admit the allegations contained in Paragraph 4 of the Complaint.

5. Without waiver of any of its defenses herein, the City of Jackson admit the allegations contained in Paragraph 5 of the Complaint.

6. Without waiver of any of its defenses herein, the City of Jackson admit that the Zoning Ordinance was adopted on May 29, 1974 as alleged in Paragraph 6 of the Complaint. However, the City of Jackson deny the remaining allegations contained in Paragraph 6 of the Complaint as phrased.

7. Without waiver of any of its defenses herein, the City of Jackson admit the allegations contained in Paragraph 7 of the Complaint.

8. The City of Jackson deny the allegations contained in Paragraph 8 of the Complaint as phrased.

## FACTUAL ALLEGATIONS

9. Without waiver of any of its defenses herein, the City of Jackson admit the allegations contained in Paragraph 9 of the Complaint.

10. Without waiver of any of its defenses herein, the City of Jackson admit the allegations contained in Paragraph 10 of the Complaint.

11. Without waiver of any of its defenses herein, the City of Jackson admit the allegations contained in Paragraph 11 of the Complaint.

12. Without waiver of any of its defenses herein, the City of Jackson admit the allegations contained in Paragraph 12 of the Complaint.

13. The City of Jackson deny the allegations contained in Paragraph 13 of the Complaint as phrased.

14. The City of Jackson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

15. The City of Jackson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore denies same.

16. The City of Jackson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint and therefore denies same.

17. Without waiver of any if its defenses herein, and upon information and belief, the City of Jackson admit the allegations contained in Paragraph 17 of the Complaint.

18. The City of Jackson deny the allegations contained in Paragraph 18 of the Complaint as phrased.

19. The City of Jackson deny the allegation contained in Paragraph 19 of the Complaint as phrased.

20. The City of Jackson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint and therefore denies same.

21. Without waiver of any if its defenses herein, and upon information and belief, the City of Jackson admit the allegations contained in Paragraph 21 of the Complaint.

22. The City of Jackson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of the Complaint and therefore denies same.

23. The City of Jackson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore denies same.

24. The City of Jackson is without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore denies same.

25. Without waiver of any if its defenses herein, and upon information and belief, the City of Jackson admit the allegations contained in Paragraph 25 of the Complaint.

26. Without waiver of any if its defenses herein, and upon information and belief, the City of Jackson admit the allegations contained in Paragraph 26 of the Complaint.

27. Without waiver of any if its defenses herein, and upon information and belief, the City of Jackson admit the allegations contained in Paragraph 27 of the Complaint.

## CLAIMS FOR RELIEF

28. The City of Jackson deny the allegations contained in Paragraph 28 of the Complaint as phrased.

29. The City of Jackson deny the allegations contained in Paragraph 29 including sections a. - c. of the Complaint.

30. The City of Jackson deny the allegations contained in Paragraph 30 of the Complaint.

31. The City of Jackson deny the allegations contained in Paragraph 31 of the Complaint.

32. The City of Jackson deny the allegations contained in Paragraph 32 of the Complaint.

33. The City of Jackson deny the allegations contained in Paragraph 33 of the Complaint.

34. The City of Jackson deny the allegations contained in Paragraph 34 of the Complaint.

35. Without waiver of any of its defenses herein, the City of Jackson admit that the U.S. Department of Justice of a federal agency responsible for administering and enforcing Title II of the ADA and its implementing regulation as alleged in Paragraph 35 of the Complaint. However, the City of Jackson deny that Plaintiff is entitled to any relief whatsoever.

36. Without waiver of any of its defenses herein, the City of Jackson admit that the Plaintiff and the City have engaged in negotiations in an effort to resolve this matter without success as alleged in Paragraph 36 of the Complaint. However, the City of Jackson deny the remaining allegations contained in Paragraph 36 of the Complaint as phrased.

37. The City of Jackson deny the allegations contained in Paragraph 37 including sections a - g of the Complaint.

38. The City of Jackson deny the allegations contained in Paragraph 38 of the Complaint.

39. The City of Jackson deny the allegations contained in Paragraph 39 of the Complaint.

40. The City of Jackson deny the allegations contained in the last unnumbered paragraph of the Complaint commencing with the word **"WHEREFORE,"** including sections a - f. The City of Jackson specifically deny that the Plaintiff Is entitled to any relief whatsoever against the City of Jackson.

**RESPECTFULLY SUBMITTED**, this the 22nd day of December, 2016.

    CITY OF JACKSON, MISSISSIPPI

    BY: /s/ LaShundra Jackson-Winters
        LaShundra Jackson-Winters, MSB # 101143
        Deputy City Attorney
        Azande W. Williams, MSB # 100161
        Deputy City Attorney

OF COUNSEL:
OFFICE OF THE CITY ATTORNEY
Monica Joiner, City Attorney
MSB # 102154
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Office:    601-960-1799
Facsimile:    601-960-1756

# CERTIFICATE OF SERVICE

The undersigned certifies that she has this day transmitted via electronic mail through ECF electronic filing, a true and correct copy of the foregoing Answer and Affirmative Defenses to the following:

| | |
|---|---|
| Loretta E. Lynch | Gregory K. Davis |
| Attorney General | United States Attorney |
| Vanita Gupta | Mitzi Dease Paige |
| Principal Deputy Assistant | Assistant United States Attorney |
| Samenna Shina Majeed | 501 East Court Street |
| Chief | Jackson, MS 39201 |
| Michael S. Maurer | *Attorneys for Plaintiff* |
| Deputy Chief | |
| Andrea K. Steinacker | |
| Special Litigation Counsel | |
| Anna Purinton | |
| Trial Attorney | |
| 950 Pennsylvania Ave. NW - G St. | |
| Washington, DC 20530 | |
| *Attorneys for Plaintiff* | |

So certified, this the 22nd day of December, 2016.

    /s/ LaShundra Jackson-Winters

LASHUNDRA JACKSON-WINTERS