UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF JACKSON, MISSISSIPPI )<br>)<br>Defendant. )<br>_____ ) | Civil No.: 3:16-cv-766-HTW-LRA |

## CONSENT DECREE

### I.   BACKGROUND

1.      The United States initiated this action to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601–3631, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131–12134, and its implementing regulations, 28 C.F.R. Part 35 ("ADA"). In its Complaint, the United States alleges that the City of Jackson, Mississippi ("City") violated the FHA and the ADA by discriminating on the basis of disability by excluding persons in recovery from alcohol or substance abuse from living in group homes in most residential zones. The City enforced its discriminatory zoning ordinance against a home for persons with disabilities located at 645 Benning Road, which resulted in an order requiring the owner and operator, Philip Massey and Urban Rehab, Inc., to cease allowing persons in recovery to reside in the home.

2.      The United States alleges that the City's actions as described in the Complaint violated the Fair Housing Act, as follows: 42 U.S.C. § 3604(f)(1), by denying or otherwise

making dwellings unavailable because of disability; 42 U.S.C. § 3604(f)(2), by discriminating in the terms, conditions, or privileges of housing, or in the provision of services or facilities in connection with housing, because of disability; and 42 U.S.C. § 3604(f)(3)(B), by failing or refusing to make a reasonable accommodation in rules, policies, practices, or services, when such accommodation may have been necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling.

3.      The United States alleges that the City's conduct constitutes a pattern or practice of discrimination or a denial of rights to a group of persons that raises an issue of general public importance in violation of the FHA, 42 U.S.C. § 3614(a), or a discriminatory housing practice under § 3614(b) of the FHA, 42 U.S.C. § 3614(b).

4.      The United States also alleges that the City violated Title II of the ADA, 42 U.S.C. § 12132, by excluding persons with disabilities from participating in and denying them the benefits of services, programs, or activities and by failing to make reasonable modifications in its rules, policies, practices, or services, which excluded persons with disabilities from participating in or denied them the benefits of services, programs, or activities.

5.      The United States and the City have voluntarily agreed to resolve the United States' claims against the City by entering into this Consent Decree, as indicated by the signatures below.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## II.      JURISDICTION

6.      The Court has jurisdiction over this action, and may grant the relief sought herein, under 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 3614, 12132, and 12133, and 28 U.S.C. §§

2201 and 2202.

### III.   GENERAL INJUNTION AND NONDISCRIMINATION PROVISIONS

7.     The City, its agents, employees, successors, and all persons in active concert or participation with it, shall not:

       a.     Discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any person because of a disability;

       b.     Discriminate in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of disability;

       c.     Adopt, maintain, enforce, or implement any zoning or land use laws, regulations, policies, procedures or practices that discriminate on the basis of disability in violation of the FHA and the ADA; or

       d.     Refuse to make reasonable accommodations[1] in the application of rules, policies, practices or services when such accommodations may be necessary to afford a person or persons with disabilities an equal opportunity to use and enjoy a dwelling.

### IV.   SPECIFIC INJUNCTIVE RELIEF

8.     Immediately upon entry of this Decree, the City shall cease enforcing the provision of the definition of "Group Home for the Handicapped" (Zoning Ordinance § 202.67) that prohibits persons in recovery from addiction to alcohol or a controlled substance from

---

[1] In this Decree, the term "reasonable accommodation," *see* 42 U.S.C. § 3604(f)(3)(B), also includes "reasonable modification," as used in the implementing regulation for Title II of the ADA, 28 C.F.R. § 25.130(b)(7).

residing in a home that otherwise meets this definition. The City shall further cease enforcing its
requirement that a home for persons with disabilities must have staff members who provide
care, as described in the City's current definition of "Group Home for the Handicapped"
(Zoning Ordinance § 202.67), or supervision, as described in the City's current definition of
"Half-way House" (Zoning Ordinance § 202.69).

9.      Within ninety (90) days of the entry of this Decree, the City shall revise the
Zoning Ordinance to ensure that persons in recovery are permitted to reside in homes located in
all residential zones, in compliance with the FHA and ADA. In addition, the City shall revise
the Zoning Ordinance to eliminate any requirement that a group home for persons with
disabilities have staff supervision to be permitted in a residential zone. The revisions to the
Zoning Ordinance must revise, as appropriate, the following definitions and associated use
provisions to comply with the FHA and ADA: "Family" (§ 202.58), "Group Home for the
Handicapped" (§ 202.67), "Personal Care Facility" (§ 202.125), "Residential Care Facility" (§
202.141), "Half-way House" (§ 202.69), "Boarding House" (§ 202.19), and "Rooming House"
(§ 202.146).

10.     Within ninety (90) days of the entry of this Decree, the City shall amend the
Zoning Ordinance to eliminate the 1,000-foot spacing requirement applicable to homes for
persons with disabilities, including persons in recovery. *See* Zoning Ordinance §§ 501,
602.08.3, 602.09.1.

11.     Immediately upon entry of this Decree, the City shall treat as permitted uses the
homes for persons with disabilities operated by Urban Rehab, Inc., including but not limited to
the homes at the following locations: 645 Benning Road, 148 Shadowlawn Drive, 2405

4

Belvedere Drive, 3513 Hines Street, 3565 Bowers Street, 4274 Lynda Street, 1142 AME Logan Street, 3212 Mable Street, and 5059 Barrier Place. Within twenty (20) days of the entry of this Decree, the City shall provide Urban Rehab, Inc., with a letter stating that the above-referenced properties are compliant with the City's zoning requirements. Nothing in this paragraph prohibits the City from enforcing its laws and ordinances in a neutral and nondiscriminatory manner.

12.     The City shall not otherwise modify the Zoning Ordinance or any other ordinance in a manner such that the modification narrows, reduces, or limits the rights of persons with disabilities to reside in a residence of their choosing within areas that individuals with other disabilities or without disabilities are permitted to reside within the City.

## V.     REASONABLE ACCOMMODATION POLICY

13.     Within sixty (60) days of the entry of this Decree, the City shall propose a written policy that provides a process by which persons may request reasonable accommodations or modifications on the basis of disability from the City's zoning, land use, and code requirements ("Reasonable Accommodation Policy" or "Policy"). The written Policy must be approved by the United States. The Policy shall comply with the FHA and the ADA and shall include the following provisions:

> a.     The City shall provide a description of where and how the City will accept and process requests for accommodations in its rules, policies, practices, or in the provision of its services;
>
> b.     The City shall maintain records of all oral and written requests for reasonable accommodation and the City's responses thereto;

5

c.      The City shall acknowledge all requests for reasonable accommodation, in

writing, within ten (10) days of the City's receipt of an oral or written request;

d.      The City shall provide written notification to those requesting a reasonable

accommodation of the decision regarding their request for accommodation within

twenty (20) days of the receipt of the request; if the City denies a request, it shall

include an explanation of the basis for such denial in this written notification;

e.      The City shall retain records of all reasonable accommodation and

modification requests, including (i) the name, address, and telephone number of

the person making the request; (ii) the date on which the request was received;

(iii) the nature of the request; and (iv) the final written decision regarding the

request; and

f.      The City shall not impose any fees or costs for requesting a reasonable

accommodation or modification, or otherwise retaliate against any person who

has exercised his or her right under the Fair Housing Act to make one or more

reasonable accommodation requests.

14.     Within ten (10) days of the approval of the Reasonable Accommodation Policy by

the United States and throughout the term of this Decree, the City shall post and publicly display

the Policy on the City's website, and at the offices of the City with responsibility for

administration and enforcement of the City's zoning, land use, and code requirements.

## VI.      COMPLIANCE OFFICER

15.     Within thirty (30) days of the entry of this Decree, the City shall designate an

individual as the Fair Housing Compliance Officer ("FHCO"). The FHCO shall have the

responsibility to receive complaints of alleged housing discrimination and disability

discrimination against the City, serve as a resource to the City and its officers, elected and

appointed officials, employees, and agents on fair housing and disability rights, and coordinate

the City's compliance with this Decree.

16.     The FHCO shall be designated to receive and review all complaints of housing

discrimination and disability discrimination made against the City or any officer, elected or

appointed official, employee, or agent of the City. If complaints are made verbally, the FHCO

shall make a contemporaneous written record of those complaints.

17.     The FHCO shall maintain copies of this Decree, the Reasonable Accommodation

Policy, and the HUD Complaint form and HUD pamphlet entitled "Are you a victim of housing

discrimination?" (HUD official forms 903 and 903.1, respectively) and make these materials

freely available to anyone on the City's website and, upon request, in paper form, including to

all persons making fair housing complaints to the FHCO.

18.     During the term of this Decree, the FHCO shall report to the City every three

months on activities taken in compliance with this Decree.

## VII.    FAIR HOUSING AND ADA TRAINING

19.     Within one hundred-twenty (120) days of the entry of this Decree, the City shall

provide training(s) on the requirements of the Decree, the FHA (in particular, those provisions

that relate to disability discrimination), and the ADA (in particular, the ADA's application to

zoning). The training(s) shall be provided to all City officers, elected and appointed officials,

and employees who have duties related to the planning, zoning, permitting, construction, code

enforcement, or occupancy of residential housing, including but not limited to: professional staff

7

and employees of the Planning and Development Department; the Mayor and members of the
City Council; and members of the Planning Board. The training(s) should be conducted in
accordance with the following:

    a.    The training(s) shall be conducted by a qualified third party or parties,
subject to the approval of the United States. The trainer(s) shall not be connected
to the City or its officers, elected or appointed officials, employees, agents or
counsel. No fewer than sixty (60) days before the date of each training under this
paragraph, the City shall submit to counsel for the United States the name of the
person(s) or organization(s) proposed to provide the training, together with copies
of the professional qualifications of such person(s) or organization(s), and copies
of all materials to be used in the training. The United States will respond with any
objections to the trainer or training materials at least 30 days prior to any
proposed training session.

    b.    Any expenses associated with the training(s) shall be borne by the City.

    c.    The training(s) shall be video-recorded and the City shall maintain copies
of the written materials provided for each training. Hard copies are not required
and digital archives of the materials shall be acceptable. Each newly elected,
appointed, or hired individual covered by this paragraph shall first receive training
within sixty (60) days after the date he or she enters office or commences service
or employment, either (1) by attending the next regularly scheduled live training,
if it occurs within the sixty (60) day period, or (2) by viewing the video recording
of the most recent live training and receiving copies of any written materials

provided for that training.

        d.      The City shall provide a copy of this Decree to each person required to receive the training(s).

20.      The City shall require each trainee to execute a certification confirming: (i) his or her attendance; (ii) the date of the training; and (iii) his or her receipt and comprehension of the Decree. The Certification of Training and Receipt of Consent Decree appears as Appendix A to this Decree. All trainees shall complete the certifications at the conclusion of each training session.

## VIII.  REPORTING AND RECORDKEEPING

21.      Within one hundred thirty (130) days of the entry of this Decree, the City shall submit all executed copies of the Certification of Training and Receipt of Consent Decree (Appendix A) described in paragraph 23(e).[2]

22.      The City shall prepare compliance reports twice annually for the term of this Decree detailing all actions it has taken to fulfill its obligations under this Decree since the last compliance report. The City shall submit its first report to the United States within six (6) months of entry of the Decree, and subsequent reports every six (6) months thereafter for the duration of the Decree, except that the final report shall be delivered to the United States not less than sixty (60) days prior to the expiration of this Decree. The City shall include in the

---

[2] The City shall send all documents, notices, and other communications required by the Decree to be sent to the United States via regular U.S. mail to:
        Chief, Housing and Civil Enforcement Section
        Civil Rights Division
        United States Department of Justice
        950 Pennsylvania Ave., NW – G Street
        Washington, DC 20530
        Attn: DJ# 175-41-227

compliance reports, at a minimum, the following information:

    a.    The name, address, and title of the employee or official serving as the Fair Housing Compliance Officer referred to in Section VI;

    b.    A summary of each zoning or land-use request or application, including requests for reasonable accommodations, related to housing for persons with disabilities, indicating: (i) the date of the application; (ii) the applicant's name; (iii) the applicant's current street address; (iv) the street address of the subject property or proposed housing; (v) the City's decision(s) regarding the matter, including any decision on appeal; (vi) the reasons for each decision, including a summary of the facts upon which the City relied; and (vii) complete copies of any minutes and audio or video recordings from all meetings or hearings discussing the zoning request or application;

    c.    Copies of any Certifications of Training and Receipt of Consent Decree (Appendix A) described in paragraph 23, above, that are signed after the preceding compliance report was issued;

    d.    Copies of any materials that have been previously submitted to counsel for the United States under this Decree if such materials have been substantially altered or amended since they were last submitted to counsel for the United States; and

    e.    Any complaints of housing discrimination or disability discrimination by the City, either received by the FHCO pursuant to Paragraph 17 or by another City employee or official, including a copy of the complaint, any documents filed

with the complaint, and any written response to the complaint by the City. If the complaint has not been resolved, the City shall report any efforts the City undertook or plans to undertake to resolve the complaint.

23.     At least thirty (30) days prior to a vote by the City Council on the adoption of any amendments or modifications to the Zoning Ordinance or to other City rules, laws, or ordinances that affect housing for persons with disabilities, the City shall provide the United States with copies of the proposed amendments or modifications. Any amendment must be consistent with Paragraph 13 of this Decree. The United States shall respond to the City prior to the date of the City Council vote with any concerns or comments, if any, regarding the proposed amendments or modifications.  These written concerns shall be submitted to the City Council and included in the record of the Council's consideration of said amendments or modifications.

24.     Within ten (10) days of adopting any amendments or modifications to the Zoning Ordinance or to other City rules, laws, or ordinances that affect housing for persons with disabilities, the City shall send copies of the enacted amendments or modifications to the counsel for the United States.

25.     For the duration of this Decree, the City shall retain all records relating to any provision of this Decree. Counsel for the United States shall have the opportunity to inspect and copy any such records after giving reasonable notice to counsel for the City.

## IX.     COMPENSATION OF AGGRIEVED PERSONS

26.     Within twenty (20) days of the entry of this Decree, the City shall deliver to counsel for the United States a check made payable to Philip Massey in the amount of one hundred thousand dollars ($100,000) as compensation for damages. Philip Massey, on behalf of

himself and Urban Rehab, Inc., will execute a release-of-claims form, in the form of Appendix B, signifying that the payment constitutes full settlement of any claims relating to the subject matter of this action. The United States shall obtain the signed release forms and provide them to counsel for the City upon receipt of the check.

27.     Within twenty (20) days of the entry of this Decree, the City shall deposit an additional sum of fifty thousand dollars ($50,000) into an interest-bearing account (hereafter "Settlement Fund") for the purpose of paying monetary damages and compensation to other persons whom the Court determines may have been harmed by the City's discriminatory zoning laws and enforcement practices (hereafter "unidentified aggrieved persons") with respect to group homes operated by Urban Rehab, Inc. Such persons may include owners, operators, or residents of group homes for persons in recovery who have been injured by the City's discriminatory practices. In addition, within twenty-five (25) days of the entry of this Decree, the City shall submit proof to the United States that the Settlement Fund has been established and that all funds have been deposited.

28.     Within sixty (60) days of the entry of this Decree, the City shall arrange and publish a Notice to Potential Victims of Housing Discrimination (hereafter "Notice"). The Notice shall set forth a summary of the legal and evidentiary contentions of the United States and a general statement of the relief provided under the Decree. Each Notice shall also contain a statement that the United States seeks information from any persons who claim to have been impacted by the City's enforcement of the zoning ordinance with respect to group homes operated by Urban Rehab, Inc. Each Notice shall invite such persons to contact counsel for the United States within one hundred twenty (120) days from the effective date of this Decree. The

12

text of the notice is set forth in Appendix C.

29.     The Notice shall be published on the City's website and shall be mailed and/or e-mailed to disability organizations serving the City of Jackson and surrounding area, a list of which is set forth in Appendix D.

30.     Nothing in this Decree shall prevent the United States from making any additional efforts it deems appropriate to locate and provide notice to potential aggrieved persons.

31.     Upon reasonable notice, the City shall produce any records in its possession or control which the United States believes would be useful in identifying persons who may be entitled to relief under this Decree.

32.     The United States will investigate the claims of persons who claim to be entitled to relief from the Settlement Fund. The United States will make preliminary determinations of which persons are entitled to relief and an appropriate amount of damages that should be paid to each such person. The United States will inform the City in writing of its preliminary determinations, together with a copy of a sworn declaration from each aggrieved person setting forth the factual basis of the claim. The City shall have thirty (30) days from the date of receipt of this information to review it and provide the United States with any documents or information that it believes may refute each claim.

33.     After receiving the City's documents or information, the United States shall submit its final recommendations to the Court for approval, identifying persons entitled to relief and an appropriate amount of damages that should be paid to each such person, together with a copy of the sworn declarations. However, if the City agrees with the United States' recommendations, then the recommendation shall be submitted to the Court in the form of a

13

Stipulated Order. Within twenty (20) days of the entry of a Court order providing for the distribution of funds, the City shall deliver to counsel for the United States a check payable to each person in the amounts approved by the Court.

34.     In no event shall the aggregate of all checks issued to persons under the Settlement Fund exceed the sum of fifty thousand dollars ($50,000) plus accrued interest.

35.     When counsel for the United States has received a check from the City payable to a person and a signed release in the form of Appendix B from each person, counsel for the United States shall deliver the check to the person and the original, signed release to counsel for the City. No person shall be paid until he or she has signed and delivered to counsel for the United States the release at Appendix B.

36.     Upon satisfaction of Paragraphs 28–36 and expiration of the corresponding time periods, any money remaining in the Settlement Fund shall be returned to the City.

## X.     CIVIL PENALTY

37.     Within twenty (20) days of the entry of this Decree, the City shall pay thirty-five thousand dollars ($35,000) to the United States Treasury as a civil penalty pursuant to 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest. The payment shall be in the form of an electronic fund transfer pursuant to written instructions to be provided by the United States.

38.     In the event that the City, its agents, or its employees engage in any future violation(s) of the FHA, such violation(s) shall constitute a "subsequent violation" under 42 U.S.C. § 3614(d)(1)(C)(ii).

## XI.     DURATION OF DECREE

39.     This Decree shall remain in effect for a period of five (5) years after its entry. The

14

Court shall retain jurisdiction over the action for the duration of the Decree for the purpose of enforcing its provisions and terms. The United States may move the Court to extend the duration of the Decree in the interests of justice.

40.     Any time limits for performance imposed by this Decree may be extended by mutual written agreement of the parties. The other provisions of this Decree may be modified only by motion to the Court.

## XII.   ENFORCEMENT

41.     The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by the City to perform in a timely manner any act required by this Decree, or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity. Remedies include, but are not limited to, findings of contempt, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees that may have been occasioned by the violation or failure to perform.

## XIII.   COSTS OF LITIGATION

42.     The parties will bear their own costs and fees associated with this litigation.

## XIV.   TERMINATION OF LITIGATION HOLD

43.     The parties agree that, as of the date of the entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described above. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored

information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold. Nothing in this paragraph relieves either party of any other obligations imposed by this Consent Decree.

**IT IS SO ORDERED:**

This __2 4 ᵗʰ__ day of _____June_____, 2017.

_____

HENRY T. WINGATE
United States District Judge

16

**For Plaintiff United States:**

HAROLD BRITTAIN
Acting United States Attorney
Southern District of Mississippi


MITZI DEASE PAIGE
MSB# 6014
Assistant United States Attorney
501 East Court Street
Suite 4-430
Jackson, MS 39201
Tel: (601) 973-2840
E-mail: Mitzi.Paige@usdoj.gov

T.E. WHEELER, II
Acting Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief
Housing and Civil Enforcement Section

s/Anna Purinton
ANDREA K. STEINACKER
Special Litigation Counsel
ANNA PURINTON
DC Bar No. 999246
Trial Attorney
United States Department of Justice
Housing and Civil Enforcement Section
Civil Rights Division
950 Pennsylvania Ave. NW – G St.
Washington, DC 20530
Tel: (202) 305-1857
E-mail: Anna.Purinton@usdoj.gov


**For Defendant City of Jackson:**

s/Monica Joiner
MONICA D. JOINER
MSB# 102154
City Attorney
AZANDE W. WILLIAMS
MSB# 100161
Deputy City Attorney
LASHUNDRA JACKSON-WINTERS
MSB# 101143
Deputy City Attorney
City of Jackson
455 E Capitol St.
Jackson, MS 39207
Tel: (601) 960-1799
E-mail: mjoiner@jacksonms.gov
E-mail: awilliams@jacksonms.gov

## APPENDIX A

### CERTIFICATION OF TRAINING AND RECEIPT OF CONSENT DECREE

_____ I attended training on the federal Fair Housing Act and Title II of the Americans with Disabilities Act. I have had all of my questions concerning these topics answered to my satisfaction.

_____ I watched a videotape of the complete training session provided pursuant to the Consent Decree referenced below. I have had all of my questions concerning these topics answered to my satisfaction.

I have also received a copy of the Consent Decree entered in United States v. City of Jackson, Case No. 3:16-cv-766-HTW-LRA, filed in the United States District Court for the Southern District of Mississippi. I have read and understand these documents and have had my questions about these documents answered. I understand my legal responsibilities under the Consent Decree and will comply with those responsibilities. I further understand that the Court may impose sanctions on the City of Jackson if I violate any provision of this Decree.


_____
Date


_____
Employee/Agent Name (Print)


_____
Employee/ Agent Signature

18

## APPENDIX B

## FULL AND FINAL RELEASE OF CLAIMS

In consideration for the parties' agreement to the terms of the Consent Decree they entered into in the case of United States v. City of Jackson, Mississippi, Case No. 3:16-cv-766-HTW-LRA, (S.D. Miss.), as approved by the United States District Court for the Southern District of Mississippi, and in consideration for the payment of $_____, I, _____, do hereby fully release and forever discharge the City of Jackson, as well as its agents, employees, or former employees from any and all fair housing claims set forth, or which could have been set forth, in the Complaint in this lawsuit that I may have had against any of them for any of the City's actions or statements related to those claims through the date of the entry of the Consent Decree.

Executed this _____ day of _____, 201__.

_____
Signature

_____
Print Name

_____
Home Address

_____
Home Address Continued

19

**APPENDIX C**

**NOTICE TO POTENTIAL VICTIMS OF DISABILITY DISCRIMINATION
BY THE CITY OF JACKSON**

On _____, 201_, the United States District Court for the Southern District of Mississippi entered a Consent Decree resolving a disability discrimination lawsuit brought by the United States against the City of Jackson, Mississippi ("the City"). The lawsuit alleged that the City engaged in a pattern or practice of housing discrimination by excluding persons in recovery from alcohol or substance abuse living in group homes from most residential areas in the City, in violation of the Fair Housing Act and the Americans with Disabilities Act.

Under the Consent Order, a Settlement Fund has been established to compensate persons whose rights may have been violated by the City. You may qualify to recover from this Settlement Fund if you are a person with a disability who resided or was eligible to reside at a group home operated by Urban Rehab, Inc.

*If you believe you have been discriminated against because of disability in connection with your residence in or operation of a group home for persons in recovery, please contact the United States Department of Justice at:*
**1-800-896-7743, mailbox XXX.**

*You may also write to:*
**United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave. N.W. -G St
Washington, DC 20530
Attn: DJ# 175-41-227**

**You must call or write on or before [no more than 120 days after the effective date of the Consent Order] and your message or letter must include your name, address, and, if possible, at least TWO telephone numbers where you may be reached.**

20

## APPENDIX D

## LIST OF DISABILITY ORGANIZATIONS

Catholic Charities of Jackson
850 E. River Place
Jackson, MS 39202

Hinds Behavioral Health Services
PACT Team
P.O. Box 7777
Jackson, MS 39284

St. Dominic Hospital
Behavioral Health Services
969 Lakeland Drive
Jackson, MS 39216

U.S. Department of Veterans Affairs
Psychiatric Unit
1500 E Woodrow Wilson Ave
Jackson, MS 39216

Merit Health Central
Behavioral Health Unit
1850 Chadwick Dr.
Jackson, MS 39204

Merit Health Central
Alcohol & Drug Medical Stabilization Unit
1850 Chadwick Drive
Jackson, MS 39204

Alliance Health Center
5000 Highway 39 North
Meridian, MS 39301

Merit Health River Region
Behavioral Health Department
2100 Highway 61 North
Vicksburg, MS 39183